**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **THOMAS PIZZO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-CV-748** |
| | § | |
| **HOME DEPOT U.S.A., INC.,** | § | |
| | § | |
| **Defendant.** | § | |

---

**DEFENDANT HOME DEPOT U.S.A., INC.'S**
**NOTICE OF REMOVAL AND BRIEF IN SUPPORT**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Defendant **HOME DEPOT U.S.A., INC.** ("Defendant" or "The Home Depot"), and files this Notice of Removal under 28 U.S.C. § 1332 and Brief in Support:

**I.**
**STATEMENT OF GROUNDS OF REMOVAL**

1.      On July 20, 2022, Plaintiff filed this lawsuit in the 342nd Judicial District of Tarrant County, Texas as Cause No. 342-334780-22, styled "*Thomas Pizzo v. Home Depot U.S.A., Inc.*" A true and correct copy of the Original Petition is attached as Exhibit "A-2"

2.      Plaintiff sued The Home Depot alleging negligence arising out of a workplace injury suffered during the course and scope of his employment.

3.      Defendant was served on July 26, 2022. Defendant files this removal within 30 days after service and receipt of the Original Petition, as required by 28 U.S.C. § 1446(b)(1). Prior to removal, The Home Depot filed its Answer on August 18, 2022, in the state court action, a true and correct copy of which is attached hereto as Exhibit "A-5."

---

4.      The state court action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and may be removed to this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties. 28 U.S.C. § 1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006). Additionally, the amount in controversy exceeds $75,000, excluding interests and costs. 28 U.S.C. § 1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006).

5.      Defendant denies Plaintiff's claims.

6.      As required by 28 U.S.C. § 1446(a), true and correct copies of the following documents are being filed with this Notice of Removal and are incorporated herein at length:

| **Exhibit:** | **Description of Exhibit:** |
|---|---|
| **Exhibit "A"** | **Index of Pleadings;** |
| **Exhibit "A-1"** | **State Court Docket Sheet;** |
| **Exhibit "A-2"** | **Plaintiff's Original Petition;** |
| **Exhibit "A-3"** | **Citation Addressed to Defendant;** |
| **Exhibit "A-4"** | **Return of Service for Defendant;** |
| **Exhibit "A-5"** | **Defendant's Original Answer;** |
| **Exhibit "A-6"** | **Notice of Filing of Notice of Removal (to be filed after this Notice of Removal is filed);** |
| **Exhibit "B"** | **Notice of Related Case** |

## II.
### DIVERSITY OF CITIZENSHIP

7.      Plaintiff is an individual residing in and a citizen of the State of Texas. Ex. "A-2," ¶ 3.

8.      Defendant is a foreign corporation organized under the laws of Delaware and has its principal place of business in Fulton County, Georgia. Accordingly, Defendant has, at all relevant times, been a citizen of Delaware and Georgia.

9.      Plaintiff is a citizen of Texas; The Home Depot is a citizen of Delaware and Georgia. Thus, at both the time of filing the original action in state court and at the time of this removal, complete diversity of citizenship existed among the parties. Removal is proper. 28 U.S.C. § 1332(a).

### III.
### AMOUNT IN CONTROVERSY

10.     Defendant would show that the Court has diversity jurisdiction over this matter as there is complete diversity of citizenship between the parties and the monetary relief sought by Plaintiff exceeds the minimum jurisdictional amount of $75,000.

11.     Plaintiff alleges in his Original Petition that he seeks "monetary relief of over $250,000 but not more than $1,000,000." Ex. "A-2," ¶ 10.01.

12.     Plaintiff is seeking damages for past and future medical expenses, past and future lost wages, past and future loss of wage-earning capacity, past and future physical pain and suffering, past and future mental anguish, past and future disfigurement, and past and future physical impairment and loss of enjoyment of life. *Id.* at ¶ 8.01.

13.     Plaintiff is additionally seeking exemplary damages "in a substantial amount". *Id.* at ¶ 9.01

### IV.
### PROCEDURAL REQUIREMENTS FOR REMOVAL

14.     Pursuant to 28 U.S.C. §§ 1441 and 1446, this Notice of Removal is timely as it is being filed no more than thirty (30) days after service.

Defendant Home Depot U.S.A.'s                                                    Page 3 of 5
Notice of Removal and Brief in Support
12120.49

15.    The United States District Court for the Northern District of Texas encompasses Tarrant County, the county in which the State Court Proceeding is now pending. Therefore, venue in this Court is proper pursuant to 28 U.S.C. § 1441(a).

16.    There are no other proper defendants to this action that would destroy diversity.

17.    In accordance with 28 U.S.C. § 1446(a), filed herewith as Exhibits "A-1" through "A-5" are copies of all process and pleadings from the state court proceedings.

18.    Promptly after notice of this removal is filed, written notice hereof will be given to Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Court for the 342nd Judicial District of Tarrant County, Texas, to effect the removal of the civil action to this Honorable Court as provided by law. The Notice of Filing of Notice of Removal to be filed in the State Court Proceeding is attached hereto as Exhibit "A-6."

19.    The Home Depot specifically reserves the right to amend or supplement this Notice of Removal.

20.    By virtue of this removal, Defendant does not waive its rights to assert any jurisdictional defenses or other defenses or motions, including motions pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure.

## V.
### JURY DEMAND

21.    Plaintiff demanded a jury in the state court action. Ex. "A-2," ¶ 15.01.

WHEREFORE, PREMISES CONSIDERED, Defendant HOME DEPOT U.S.A., INC. prays the Court to remove the case styled *Thomas Pizzo v. Home Depot U.S.A., Inc.* bearing Cause No. 342-334780-22, pending in the 342nd Judicial District in Tarrant County, Texas to the United States District Court, Northern District of Texas, Fort Worth Division, and for such other and further relief to which it is entitled.

Defendant Home Depot U.S.A.'s                                    Page 4 of 5
Notice of Removal and Brief in Support
12120.49

Respectfully submitted,

MULLIN HOARD & BROWN, L.L.P.
Chad L. Farrar, Texas Bar No. 00793716
C. Brett Stecklein, Texas Bar No. 00794688
Katie P. Harrison, Texas Bar No. 24062767
2515 McKinney Ave., Suite 900
Dallas, Texas 75201
Telephone:    (214) 754-0040
Facsimile:    (214) 754-0043
cfarrar@mhba.com
bstecklein@mhba.com
kharrison@mhba.com


   /s/ Chad L. Farrar
By:  Chad L. Farrar

**_Attorney for Defendant Home Depot U.S.A., Inc._**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 25th day of August 2022, a true and correct copy of the foregoing was served by email and ECF addressed to:

**Via ECF & email**
Edward S. Gaytan
Charles M. Noteboom
Noteboom – The Law Firm
669 Airport Freeway
Hurst, Texas 76053
gaytan@noteboom.com

   /s/ Chad L. Farrar
Chad L. Farrar