FILED
TARRANT COUNTY
7/20/2022 11:21 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. <u>342-334780-22</u>

| | | |
|---|---|---|
| **THOMAS PIZZO,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **____ JUDICIAL DISTRICT** |
| | § | |
| **HOME DEPOT USA, INC.,** | § | |
| *Defendant.* | § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Thomas Pizzo, who files this Plaintiff's Original Petition complaining of Defendant, Home Depot USA, Inc., and for cause of action would show as follows:

### I. DISCOVERY CONTROL PLAN

1.01    Discovery is intended to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

### II. PARTIES

2.01    Plaintiff, Thomas Pizzo, is an individual residing in Tarrant County, Texas.

2.02    Defendant, Home Depot USA, Inc. (hereafter "Home Depot"), is a corporate entity who has, and does, routinely do business in Texas (thus availing itself of the benefits and protections of the laws of the State of Texas) and has maintained a retail business location at 9509 White Settlement Rd, in White Settlement, Texas 76108. Home Depot may be served with this lawsuit by serving its agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Plaintiff requests a citation at this time.

**PLAINTIFF'S ORIGINAL PETITION**                                                                                          **PAGE 1**

**EXHIBIT A-2**

According to its website, Home Depot is the world's largest home improvement retailer, with 2,317 stores across North America and employs 500,000 associates. Home Depot's ecommerce

## III. JURISDICTION AND VENUE

3.01    Venue is proper in this county because all or a substantial part of the events or omissions giving rise to the claims herein occurred in Tarrant County, Texas.

3.02    This Court may exercise personal jurisdiction over the Defendant because they are residents and/or citizens of Texas and committed the conduct and torts in question in Texas. Further, Defendant maintains a retail store location at 9509 White Settlement Rd, in White Settlement, Texas 76108, where the all transactions, events, and/or occurrence(s) giving rise to this case happened and which said retail location is located in Texas, and Home Depot also presently does maintain (and over the past several years has maintained) many other similar retail locations throughout the state of Texas, and Home Depot also has purposively and intentionally engaged over many years in a pattern of doing business for profit with persons and businesses in all parts of Texas, and which has specifically included, but is not limited to, doing such business at 9509 White Settlement Rd, in White Settlement, Texas 76108, Home Depot, has thereby done business in Texas so as to avail itself of the benefits and protections of the law of Texas. Home Depot is believed to be a corporation.

3.03    This Court has jurisdiction over the subject matter of this cause of action because the matters in controversy are within the jurisdictional limits of the Court, exclusive of costs and interest.

## IV. ASSUMED NAMES, AGENTS, AND EMPLOYEES

4.01    Pursuant to Rule 28 of the of the Texas Rules of Civil Procedure, Plaintiff is suing any partnership, unincorporated association, private corporation, or individual whose name contains the words, or who does business under, the same or similar name of the Defendant at 9509 White Settlement Rd, in White Settlement, Texas 76108.

4.02    Whenever alleged in this Petition that any non-natural Defendant did or failed to do any act or thing, it is meant that such Defendant's directors, officers, agents, servants, employees, representatives and/or contractors subject to such Defendant's control did or failed to do such act or thing and that at the time such conduct occurred, it occurred with the authorization and/or ratification of such Defendant and/or was done in the normal and routine course and scope of employment or agency of such Defendant's directors, officers, agents, servants, employees, representatives and/or contractors subject to such Defendant's control, making that Defendant responsible and liable for all such conduct.  Further, Plaintiff invokes the doctrine of *respondeat superior*.

## V. FACTS

5.01    The incident made the basis of this lawsuit occurred on or about July 31, 2020 at the Home Depot store located at 9509 White Settlement Road, White Settlement, Texas 76108.

5.02    At the time of the incident, Plaintiff was employed by Home Depot as a full-time worker.

5.03    Plaintiff had been employed with Home Depot for approximately 18 years. On the date of the incident, Plaintiff was working in the garden department as a garden supervisor. Plaintiff was going about his daily duties when a customer required assistance loading bags of mulch into a

cart. The department was understaffed and the loaders were not responding so Plaintiff attempted to assist the customer. While helping the customer, Plaintiff felt pain and a pop as he twisted his right knee. He reported the injury to his supervisors.

5.04    Plaintiff suffered severe injuries to his knee, including but not limited to a torn meniscus. Plaintiff's injuries were so severe that he required surgery. As a result of his injuries, Plaintiff must wear a brace, walk with a cane, and requires future treatment.

5.05    At all times material hereto, Home Depot was a "non-subscriber", as defined under the Texas Workers Compensation laws. Therefore, Home Depot may not assert in the action: (1) Plaintiff was guilty of contributory negligence; (2) Plaintiff assumed the risk of injury; or (3) Plaintiff's injuries were caused by the negligence of a fellow employee.

## CAUSES OF ACTION

## VI. NEGLIGENCE

6.01    At all times mentioned herein, Home Depot had such control over the premises in question that Home Depot owed certain duties to the Plaintiff, the breach of which proximately caused the injuries set forth herein. Home Depot's agents, servants, and employees negligently failed to protects it employees. Further, Home Depot negligently or willfully disregarded the reckless supervision of its employees and negligently or willfully failed to exercise ordinary care to avoid injury to Plaintiff. This condition existed despite the fact that Home Depot or Home Depot's agents knew or should have known of the existence of the aforementioned condition and that there was a likelihood of a person being injured as Plaintiff was.

6.02     The occurrence referred to above and made the basis of this suit, and the resulting damages were proximately caused by the negligent conduct of the Home Depot. On the occasion in question, Home Depot was guilty of negligent acts and/or omissions, including but not limited to:

a.   Failing to take measures reasonably necessary to protect it employees, invitees and or independent contractors, including Plaintiff, from an unsafe condition and/or activity;

b.   In acting with reckless disregard for the safety and welfare of their employees, invitees and or independent contractors, agents, workers, and others, specifically including Plaintiff;

c.   In failing to maintain a safe work environment an supervise employees, invitees and or independent contractors, agents, or workers, specifically including Plaintiff;

d.   In failing to properly and adequately train employees to lift and/or load objects on carts;

e.   In failing to establish and/or implement a safety program for their employees, invitees and or independent contractors, agents, and workers as required by Tex. Labor Code Ann. §411.001, et seq.;

f.   In failing to use due care to avoid injury to Plaintiff;

g.   In failing to provide adequate supervision to employees; including Plaintiff;

h.   In failing to provide safety training to employees in order to avoid a serious work-related injury while lifting and/or loading objects;

i.   In failing to provide its employees, including Plaintiff, with reasonable protective safety equipment to prevent injury while lifting, carrying, or loading objects; and

j.   In failing to act as a reasonably prudent employer would have done under the same or similar circumstances.

6.03     The above enumerated acts and omissions, singularly or in combination with others, individually and collectively constituted negligence which proximately caused the incident and proximately caused the injuries and damages to Plaintiff.

## VII. GROSS NEGLIGENCE

7.01    The above-mentioned acts of negligence on the part of Defendant were of such character as to make Defendant guilty of gross negligence. Defendant's acts of negligence, when viewed objectively from the standpoint of Defendant, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendant had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff.  The gross negligence/malice of Defendant was a proximate cause of the incidents in question and of the damages and injuries alleged herein.  As a result of Defendant's gross negligence, Plaintiff is entitled to and seeks exemplary damages in an amount in excess of the jurisdictional limits of this Court.

## VIII. DAMAGES

8.01    As a direct, foreseeable and proximate cause of the Defendant's conduct herein described, Plaintiff suffered damages in excess of the minimum jurisdictional limits of this Court. Reserving the right to plead further, such damages include past and future medical expenses, past and future lost wages, past and future loss of wage-earning capacity, past and future physical pain and suffering, past and future mental anguish, past and future disfigurement, and past and future physical impairment and loss of enjoyment of life. Plaintiff has also incurred reasonable and necessary attorney's fees herein.

## IX. EXEMPLARY DAMAGES

9.01    Because the negligence and breaches of Defendant as set forth above constitute gross negligence, Plaintiff is entitled to recover punitive damages in a substantial amount in order to punish such conduct and deter similar conduct in the future.

## X. MONETARY RELIEF

10.01   Pursuant to Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of over $250,000 but not more than $1,000,000.   Pursuant to Rule 47(d), Plaintiff also seeks all other and further relief to which he may show himself entitled.

## XI. JUDGMENT INTEREST

11.01   Plaintiff is entitled to an award of pre-judgment and post-judgment interest as a matter of law upon such terms, conditions, and rates as allowed by law, for which Plaintiff sues.

11.02   Plaintiff requests that the Court take judicial notice of the rate of interest published by the Texas Consumer Credit Commission in the Texas Register on the date of judgment in this cause for purposes of calculating the rate of pre-judgment interest to be awarded to Plaintiff in this case, or, such other periods of time, and such other rate or rates of interest allowed by law for determination of pre-judgment interest.

## XII. CONDITIONS PRECEDENT

12.01   Pursuant to the TEX. R. CIV. P. 54, all conditions precedent to the filing of this suit have been performed or met.

## XIII. CPRC §30.014 STATEMENT

13.01   Plaintiff provides the following information in compliance with TEX. CIV. PRAC. & REM. CODE §30.014(a)(1) and (2), respectively 771 and 016.

## XIV. ADDITIONAL MATTERS

14.01   Pursuant to Tex. R. Civ. P. 193.7, Plaintiff hereby provides notice to Defendants that Plaintiff intends to use all documents produced in response to written discovery by any party as evidence at any pre-trial proceeding or at trial.

## XV. JURY DEMAND

15.01   Plaintiff hereby requests trial by jury and tenders the required fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein and that upon final hearing hereof Plaintiff have and recover of and from Defendants damages as alleged, with prejudgment and post-judgment interest, costs of Court, and such other and further relief, general and special, at law or in equity, as Plaintiff may be entitled to receive.

Respectfully submitted,

 /s/ Edward S. Gaytan
Charles M. Noteboom
State Bar No. 15116875
Edward S. Gaytan
State Bar No. 24087572
Gaytan@noteboom.com

Noteboom - The Law Firm
669 Airport Freeway
Hurst, Texas 76053
817-282-9700
817-282-8073 Fax
*Attorneys for Plaintiffs*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Summer Freeman on behalf of Edward Gaytan
Bar No. 24087572
freeman@noteboom.com
Envelope ID: 66494590
Status as of 7/20/2022 11:35 AM CST
Associated Case Party: THOMAS PIZZO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Edward S.Gaytan | | gaytan@noteboom.com | 7/20/2022 11:21:02 AM | SENT |
| Kena Totsch | | witten@noteboom.com | 7/20/2022 11:21:02 AM | SENT |